Affirming.
The last will and testament of Virginia Duvall, Sr., made in May, 1903, was presented to the Franklin circuit court under the Declaratory Judgment Act, for the purpose of ascertaining the extent of the power given and granted to the trustees under that will to sell and convey any of the real property therein devised to them, either for the "payment of debts or for the purpose of protecting the property, or which from time to time, in the judgment of the trustees, may be deemed more beneficial to the devisees under the will to sell and reinvest the net proceeds thereof in other real estate or in stocks and bonds; " and also for the purpose of ascertaining the meaning and intent of the testatrix with respect to the final disposition of the trust estate. The testatrix had six daughters, described in the will as "My six daughters, Virginia, Willie, Stites, Sallie, Annie and Hallie." Of these she named her daughters, Virginia Duvall and Sallie Greenhow, and the survivor of them as trustees, to hold "in trust for the uses and purposes hereinafter set out" all of her estate. Continuing, the will says: "And I do also appoint my two daughters above named (Virginia and Sallie) the executors of this my will and request that no bond or security be required of them either as executors or trustees." She then disposes of five *Page 215 
pieces of real property located in the city of Frankfort, Franklin county, and a quantity of household and kitchen furniture.
In brief for appellant is this paragraph: "There is only one question presented to this court for decision, and that is whether the trustees have the right and power under the will, to sell the homestead property and invest the proceeds for the joint use and benefit of the devisees." Appellants deny the right of trustees to sell the homestead property, which is one of the five pieces described in the will, while the appellees, the trustees, insist that they were given full power and authority under the will of their mother to sell and dispose of any part of the real property, and therefore may sell and dispose of the homestead property and reinvest the proceeds for the use and benefit of all the beneficiaries under the will, according to the terms of the will. The first paragraph of the will, item 1, reads:
 "I devise all of my property of every description, real, personal and mixed, to my two daughters, Virginia Duvall and Sallie Greenhow, to be by them and the survivor of them and their successor, held in trust for the uses and purposes hereinafter set out; and I do also appoint my two daughters above named the executors of this my will and request that no bond or security be required of them either as executor or trustees. And the power is hereby given to said trustees to sell, convey and transfer any of the property hereby devised the sale, conveyance and transfer of which may become necessary for the purpose of paying debts or protecting the other property, or which from time to time it may become advisable to sell for the purpose of reinvestment, and to invest and reinvest the net proceeds in other real estate or in stocks and bonds as may become more beneficial to the beneficiaries by this will intended to be provided for."
It seems to us that a fair construction of the foregoing paragraph of the will confers full power and authority upon the trustees to sell, convey and transfer the homestead mentioned and described in the will as well as any other part or parcel of the real estate devised to the trustees, always, of course, "for the purpose of paying debts or protecting the other property, or which *Page 216 
from time to time it may become advisable to sell for the purpose of reinvestment, and to invest and reinvest the net proceeds in any other real estate or any stocks and bonds." There is no limitation in this paragraph of the will upon the power of the trustees to sell the homestead or any of the real estate, but the power granted is broad enough to vest the trustees with authority to convey absolute fee simple title to the real estate embraced in the description "homestead" as well as all other real estate connected with the testatrix's estate. Appellants, however, insist that the fourth paragraph of the will, reading:
 "The homestead, the dwelling house and lot in which I reside, situated on the east side of Steele street, between Second and Third streets in Frankfort, Kentucky, with the furniture and all other personal property that may be in said house or upon said lot at the time of my death, may be kept and used by my two daughters, Virginia Duvall and Sallie Greenhow, free from rent or other charge, for the period of five years and as much longer as they or the survivor of them shall keep house there, the same to be a home for any and all of my daughters who at the time have no other home; and for the period of five years after my death, and for so much longer as all my daughters living during such extended period may agree to consent to, such home shall be maintained and kept up from the net income and profits derived from the trust estate and property, exclusive of the said homestead property, before any division thereof. If, however, after the expiration of the said period of five years my said daughters, Virginia and Sallie, or the survivor of them, should determine to continue to live and keep house in the homestead, and any of the six daughters then living should not wish to enjoy the use of said home or refuse to consent that the same should be kept up and maintained from the income and profits of the trust property and estate, then and in that event my said daughters, Virginia and Sallie, or the survivor, shall continue to have the use of the homestead free of rent or charge and also have their equal share in the net income, but the expense of maintaining and running a home therein for themselves and such of their sisters as may wish to live therein with *Page 217 
them shall be paid by them and the sister or sisters living with them from their shares in the net income. Whenever Virginia and Sallie, or the survivor of them, cease permanently to keep the home as herein above provided, then and thereafter the homestead house and lot is to be rented out and treated as the other property belonging to the trust estate and the net income therefrom to form a part of the general net income to be divided equally in the manner above stated. It is my wish and I do direct that my daughter, Virginia, so long as she shall keep house for the family shall have the entire and sole control, management and direction of the homestead and all the property therein or connected therewith, and be assisted therein by my daughter, Sallie, when necessary; and if Virginia should die, or marry, then Sallie is to succeed her in the management of the homestead on the same terms as Virginia did or could; and if both Virginia and Sallie should die or marry then the homestead is to be closed as a home and rented out as other property of the trust estate, it being my intention and direction that no husband of either of my daughters shall have the right to live in said home, so long as it is kept as such, she contributing to its maintenance from her part of the net income. If upon either of the contingencies above mentioned, or, if from any cause not foreseen, the homestead should cease to be used as a home as above contemplated then I direct that all the personal property therein or therefrom which belonged to me at my death, be, if my daughters then living shall so select, agree, divided between my said daughters and the children or descendants of such daughters as way by then have died leaving children or descendants; or if my daughters then living do not choose to have or agree upon the division of property in kind, then such property shall be sold and the proceeds of the sale, after paying the expenses thereof, divided. In case of any disagreement between my daughters, Virginia and Sallie, in judgment or opinion in the management of the trust and duties hereby imposed upon them, I direct that the will and judgment of my daughter, Virginia, shall control, but I am satisfied she will freely consult and *Page 218 
advise with her co-trustee as well as her other sisters in all matters and act for the best interests of all, . . ."
limits the right of the trustees to sell the homestead so long as any one of the children and beneficiaries under the will desire to use it as a home and declines to consent to the conveyance, and in presenting this phase of the case appellants, as defense, averred in their answer:
 "These plaintiffs have no right or power to sell, convey or dispose of said homestead tract during the life or lives of any of said deposees under said will, if any one of said devisees shall have no other place to live, or shall desire to live in said homestead, and these defendants say that under a proper construction of said will, any of the devisees who has no other home and who desires to retain said homestead as her or their home, has the right to reside in said homestead, and the right to require these plaintiffs as trustees, and the other devisees under the will, to maintain for her or their use and occupancy out of the revenue derived from the other part of the estate."
It is true that the fourth paragraph of the will conferred upon the trustees the right and power to keep the homestead with all the furniture intact for five years after the death of the testatrix as a home for themselves and their sisters who desired to live with them, if any, but this was a mere privilege and not a direction from the testatrix, the language being: "May be occupied and used by my two daughters, Virginia Duvall and Sallie Greenhow, free from rent or other charge for the period of five years and as much longer as they, or the survivor of them (Virginia and Sallie) shall keep house there, the same to be a home for any and all of my daughters who at the time have no other home."
The next clause of the will immediately following that copied above provides that all the daughters may by common consent continue the arrangement indefinitely, but if there is a failure to agree those who longer maintain the homestead as a home must pay the expenses out of their net income derived from the trust estate, the language being: "And for the period of five years after my death, and for so much longer asall my daughters living during such extended period may agree or consent to, and such home shall be maintained and kept up from *Page 219 
the net income and profits derived from the trust estate and property exclusive of the said homestead property, before any division thereof. If, however, after the expiration of the said period of five years my said daughters, Virginia and Sallie, or the survivor of them, should determine to continue to live and keep house in the homestead, and any of the six daughters then living should not wish to enjoy the use of said home or refuse to consent that the same should be kept up and maintained from the income and profits of the trust property and estate, then and in that event my said daughters, Virginia and Sallie, or the survivor, shall continue to have the use of the homestead, free of rent or charge and also have their equal share in the net income, but the expenses of maintaining and running the home therein for themselves and such of their sisters as may wish to live therein with them shall be paid by them and the sister or sisters living with them from their shares in the net income."
There is a further provision in the will that when the daughters cease to use the old homestead as a home it is to be rented out and treated as other property belonging to the estate. It is further provided in the will that if the trustees, Virginia and Sallie, should both die or marry, "then the homestead is to be closed as a home and rented out as other property of the trust estate." The clause upon which appellants especially rely as sustaining their contention that the homestead is not to be sold by the trustees except with the consent of the other daughters, especially Hallie, is based upon this phrase in the will: "It being my intention and direction that no husband of either of my daughters shall have the right to live in said home, but my daughter, Hallie, is to always have the right to live in the home so long as it is kept as such, she contributing to its maintenance from her part of the net income." This gave Hallie the right to reside there only so long as the trustees continued to use the homestead as a home as provided in the will and not otherwise. The next sentence of the will provides for the contingency when the home shall cease to be used as a home, in which event it is provided that the furniture and personal property be divided among the children is a certain manner.
Clearly we think the provision conferring the right on the daughters to reside in the homestead is conditioned upon the continuance of the homestead as a home *Page 220 
by the trustees after the lapse of five years from the death of the testatrix and the testatrix did not intend the homestead to be used as a home except while the trustees, Virginia and Sallie, or the survivor of then continued to reside there and to control it as a home. When Virginia and Sallie ceased to occupy the place as a home, it would seem that the testatrix intended that the property should be rented out and treated as the other property belonging to the trust estate and that, of course, would include the right of the trustees to sell and dispose of the property in case it could not be profitably rented or otherwise employed for the use and benefit of the daughter.
From what has been said it must necessarily follow that the trustees have full right and power under the will to sell and dispose of any of the estate at any time "when it becomes necessary for the purpose of paying debts, or protecting the other property, or which from time to time may become advisable to sell for the purpose of reinvestment." Clearly when real property, such as the homestead in this case, becomes dilapidated and out of repair, as stipulated in the record, and there are no funds with which to repair it and preserve the property and none can be had from the estate without destroying the purposes of the trust, it has "become advisable to sell for the purpose of reinvestment," and the trustees under the will may sell the property and vest the purchaser with the fee simple title. No evidence was taken in this proceeding, but the parties stipulated as follows:
 "1st. That the testatrix, Virginia Duvall, departed this life on the 24th day of November, 1912.
 "2nd. That the plaintiffs, Virginia Duvall and Sallie Greenhow, and defendant, Annie Allison, three of the children and heirs of said Virginia Duvall, deceased, permanently ceased to use, enjoy and occupy the 'homestead,' referred to and mentioned in item 4 of said testatrix's will in question, in the month of July, 1923, after living in said 'homestead' for a period of more than five years, nor have they or any of them occupied same or received any benefits accruing therefrom since said time.
 "3rd. That the defendants, Hallie Duvall, Stites Duvall and Willie Sneed, have used and occupied the 'homestead' continuously since the death of said testatrix and are now occupying same and have received and are still receiving, in addition to said *Page 221 
occupancy by them, their pro rata part of the net income arising from said trust estate.
 "4th. That said 'homestead' is now, and has been for more than two years last past, in bad repair and untentable, either for being used as a dwelling house by said heirs and devisees, or any of them or by any one else.
 "5th. That in order to make it habitable or tenantable it would require an expenditure in excess of the net income accruing to the trust estate for a period of more than — years, thus leaving no funds for distribution among the beneficiaries under said will of decedent, i. e., for their maintenance and support, until after cost of said improvements had been paid."
Manifestly under this state of the record the trial court did not err in adjudging that the trustees, Virginia Duvall and Sallie Greenhow, and their successor, under the first item of the will, were and are now invested with and have the power to sell, transfer and convey any and all of the property described in the petition, being the property mentioned in the will of the testatrix, for the purpose of paying debts or protecting other property or for reinvestment in other real property, or in stocks and bonds or other securities, which, in the judgment of the trustees, may be or may become more beneficial to the devisees named in the will than the property proposed to be sold.
Finding no error in the judgment prejudicial to the substantial rights of appellants, it is affirmed.
Judgment affirmed.